## THE STATE v. JONATHAN KENNEDY.

1. An indictment against a retailer of spirituous liquors, for permitting gaming in his house, should charge that the defendant was a *licensed* retailer of spirituous liquors.

2. A license to retail spirituous liquors, can only be granted at the semi-annual term of the County Court, properly so called.

Error to the Circuit Court of Wilcox County.

THE case was brought to this Court for the revision of novel and difficult questions which are particularly set out in the opinion of the Court.

The Attorney General, for the State.
Proctor for the defendant.

ORMOND, J.—This was an indictment against the defend ant as a retailer of spirituous liquors: for permitting gaming in his house. Several points are reserved by the Court below as *novel and difficult*, for the revision of this Court, only two of which need be noticed.

The indictment charges the defendant to be a " licensed retailer," and it was objected in the Court below, that this was not sufficient, but that he should have been charged as a licensed retailer of *spirituous liquors*, which the Court overruled.

The 4th section of the act under which this indictment is found, it is true, uses the word "*retailer*," in describing the person who shall be subject to the penalties of the law for per-mitting unlawful gaming, but the whole context shows, beyond a doubt, that it is only a " licensed retailer of spiritous liquors" who, by permitting gaming on his premises can become obnox-ious to the penalty.

There is a manifest incongruity in supposing that, if the legislature intended to punish the offence of permitting gaming

by a "retailer" without license, he should be subject to the "pains and penalties of wilful and corrupt perjury," but no difficulty exists when the law is applied to a *licensed* retailer of spirituous liquors who, when he obtains his license, takes an oath that "he will not knowingly permit gaming of any kind or description to be carried on or played on or about his premises." It may be added also as conclusive of the intention of the Legislature that a part of the punishment to be inflicted is forfeiture of the *license*.

Having arrived at this result the conclusion is inevitable that so material a part of the description of the person liable to the penalty of the law could not be omitted, and that the omission is fatal to the indictment. The indictment should have charged that the defendant was a *licensed retailer of spirituous liquors*.

The evidence having established the fact that the license of the defendant was granted by the Judge of the County Court, the defendant's counsel moved the Court to charge the jury, that a license so obtained would not maintain the prosecution; which the Court refused.

In this also the Court erred.

Previous to the passage of the act of February 1st, 1839, by the laws then in force, authority to grant licenses to retail spirituous liquors was vested in the "County Court." The construction put on this law seems to have been that the license could be granted at a monthly term, held for the probate of wills and other matters concerning intestates' estates. This Court is, in common parlance, and also by the law creating it, called the "Orphan's Court." Aikin's Dig, 248, though there are cases in which the legislature have applied the term County Court to the Orphans' Court. But in the act of 1839 the language is, "That no license shall hereafter be granted at any other time than at the regular terms of the County Court." This we think must be understood to refer to the semi-annual terms of the County Court properly so called, and is in contra distinction to the monthly terms of the Orphans' Court.

No authority existed for granting a license to retail liquors during the recess of the Court, (except that the clerk might,

The State v. Jonathan Harrison.

during the recess, grant a permit which would last until the next succeeding term of the County Court,) which appears conclusively, we think, to refer to the County Court proper; as there would be no necessity for authorizing the clerk to act in vacation if the license could be rightfully granted at the monthly terms of the Orphans' Court.

The emphatic language, therefore, *regular* term of the County Court, appears to us to be leveled at the abuse of granting licenses at the monthly terms of the Orphan's Court.

This being the true construction of the law, the Court which granted the license in this case, had no jurisdiction to grant it: it was therefore void. It would not have afforded him any protection if he had been indicted for selling spirituous liquors without license, except as it might have mitigated the fine if taken out then in good faith, and of course could not be the basis of a prosecution so penal as this.

Let the judgment of the Court below be reversed.

COLLIER, C. J.—I am inclined to think that the indictment in this case is sufficient, but concur fully with the Court upon the last point.